UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

——

ANTHONY LLANES #209066,

                Plaintiff,                        Case No. 2:07-cv-197

v.                                        Honorable Robert Holmes Bell

FERNANDO FRONTERA,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

## Discussion

### I.      Factual allegations

Plaintiff Anthony Llanes, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Dr. Fernando Frontera.  In his complaint, Plaintiff alleges that he was shot in the leg prior to his incarceration.  Plaintiff states that on September 27, 2006, he saw Defendant for pain in his leg caused by bullet fragments.  Defendant looked at Plaintiff's x-rays and informed him that the fragments could not be removed.  In examining Plaintiff, Defendant pushed down on Plaintiff's leg over the area of the bullet fragments.  Plaintiff told Defendant that this action caused him pain, and Defendant became angry.  Defendant then told Plaintiff to leave.  Plaintiff claims that Defendant is continuing to deny him treatment.  Plaintiff appears to be claiming that this conduct violates his rights under the Eighth Amendment.  Plaintiff seeks compensatory and punitive damages, as well as "a Bionic leg to fit inside [his] flesh."

### II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farme*r, 511 U.S. at 834). Deliberate indifference "entails something more

than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the

- 4 -

treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

In this case, Plaintiff claims that he suffers from pain as the result of bullet fragments in his leg.  Plaintiff states that Defendant examined him and determined that there was nothing that could be done about the bullet fragments.  Plaintiff appears to disagree with this medical judgment.  As noted above, such disagreement does not rise to the level of an Eighth Amendment violation.  Therefore, the undersigned recommends dismissal of this action.

In addition, as stated above, Plaintiff seeks a "bionic" leg.  The undersigned notes that in the 1970s "bionic" limbs and body parts were addressed in the fictional television series "The Six Million Dollar Man" and "The Bionic Woman."  In these television shows, a former astronaut and professional tennis player suffered near fatal accidents and were "rebuilt" using bionic limbs, eyes and inner ears.  These procedures resulted in the title characters gaining super strength and speed, as well as enhanced vision and hearing.  The idea of bionic body parts was revisited in 2007 with the new "Bionic Woman" television series, in which bartender Jaime Sommers suffers a near fatal car accident and is saved from death after receiving experimental medical implants.  The bionic implants grant her the same super strength as the main characters in the 1970s television series and

Jaime subsequently agrees to work for a secret government agency in order to use her new powers for good.  The undersigned notes that if this is what is sought by Plaintiff, there is no assurance that he would become a crusader for the good of society.  Rather, it is likely that such an operation would create a safety risk for the MDOC.  Should Plaintiff receive such a bionic limb, he would be able to kick through his cell door, use his leg as a deadly weapon, and ultimately escape incarceration.  Moreover, at the time that the Six Million Dollar Man received his life saving surgery in 1974, the cost was six million dollars.  As a result of inflation since the 1970s, such surgery would now be significantly more costly.  In the 2007 television version of the "Bionic Woman," the surgical upgrades to Jaime Sommers cost 50 million dollars.[1]  Given the State of Michigan's current budget constraints, such a surgery would not be fiscally responsible or feasible.  The undersigned recommends that the court find that Plaintiff's request for a bionic limb is not a medical procedure required by the Constitution.  Accordingly, it is recommended that Plaintiff's complaint be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

---

[1]"What used to cost $6 million for a bionic upgrade now is in the $50 million range.  That is the dollar amount of bionic parts this new reimaged bionic babe will have as implants this time around, plus, this woman will be a 21st Century gal, bright, sharp, and all business, dealing with the problems all women of the new century must face, however, with those new and improved enhanced body parts." *See* http://www.sliceofscifi.com/2007/02/13/bionic-woman-found.

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 14, 2007


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).